# United States Court of Appeals
## For the First Circuit

_____

No. 25-1727

ASSOCIATION OF AMERICAN UNIVERSITIES; AMERICAN COUNCIL ON EDUCATION; ASSOCIATION OF PUBLIC AND LAND-GRANT UNIVERSITIES; BROWN UNIVERSITY; CALIFORNIA INSTITUTE OF TECHNOLOGY; CORNELL UNIVERSITY; BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS; MASSACHUSETTS INSTITUTE OF TECHNOLOGY; REGENTS OF THE UNIVERSITY OF MICHIGAN; BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY; TRUSTEES OF PRINCETON UNIVERSITY; UNIVERSITY OF ROCHESTER,

Plaintiffs, Appellees,

v.

DEPARTMENT OF ENERGY; CHRIS WRIGHT, in the official capacity as Secretary of the Department of Energy

Defendants, Appellants.

_____

**ORDER OF COURT**

Entered: March 10, 2026


Defendants Department of Energy ("the Department") and Chris Wright, the Secretary of the Department of Energy (together "the Government"), have appealed the district court's judgment vacating a Department agency action, Policy Flash 2025-22: Adjusting Department of Energy Grant Policy for Institutions of Higher Education ("Policy Flash 2025-22"). Policy Flash 2025-22 had established a standardized indirect cost rate of 15% for all institutions of higher education that received Department grants.

On December 22, 2025, the plaintiffs responded to the Government's opening appellate brief. Since then, there have been two developments that may bear on this case. First, on January 5, 2026, this Court issued an opinion in Massachusetts v. National Institutes of Health, 164 F.4th 1 (1st Cir. 2026), which addressed an agency action that established a standardized indirect cost rate of 15% for recipient institutions. Second, on January 23, 2026, Congress passed the "Commerce, Justice, Science; Energy and Water Development; and Interior and Environment Appropriations Act, 2026," which, in relevant part, states: "the Department of Energy shall continue to apply the indirect cost rates, including negotiated indirect cost rates . . . including with respect to the approval of deviations from negotiated indirect cost rates, to the same extent and in

the same manner as was applied in fiscal year 2024." Pub. L. No. 119-74, 140 Stat. 89 (Jan. 23, 2026). On January 27, 2026, in response to this enactment, the Department announced that Policy Flash 2025-22 was "no longer in effect." https://perma.cc/RSJ7-E26F.

The Government's reply brief, submitted on February 6, 2026, addressed Massachusetts v. National Institutes of Health in detail; however, it only mentioned, without elaboration, that Policy Flash 2025-22 is "no longer in effect." The plaintiffs have not had the opportunity to respond to either of these developments. The Court therefore requests the following supplemental briefing:

- Both parties shall address whether the Department's January 27 agency action mooted this case. Further, if necessary, both parties shall address whether any exception(s) to mootness applies, including the voluntary cessation doctrine. See Lowe v. Gagné-Holmes, 126 F.4th 747, 756-59 (1st Cir. 2025); ACLU of Mass. v. U.S. Conf. of Catholic Bishops, 705 F.3d 44, 54-56 (1st Cir. 2013).
- Additionally, the plaintiffs shall have the opportunity to address how, if at all, Massachusetts v. National Institutes of Health affects the issues in this case.

The Government's brief shall not exceed ten pages. The plaintiffs' brief shall not exceed fifteen pages. Both briefs shall be due on March 24, 2026, at 5:00 p.m.


By the Court:

Anastasia Dubrovsky, Clerk


cc:
Brett A. Shumate
August E. Flentje
Jennifer L. Utrecht
Paul D. Clement
James Y. Xi
Kyle R. Eiswald
Ishan K. Bhabha
Lindsay C. Harrison
Lauren J. Hartz
Elizabeth Henthorne
Zachary C. Schauf
Shoba Pillay